**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GEORGE ANDRAS,**<br>**Plaintiff**<br><br>**v.**<br><br>**BOROUGH OF LACEYVILLE, PENNSYLVANIA,**<br>**Defendant** | : | **No. 3:14cv2094**<br><br>**(Judge Munley)** |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**MEMORANDUM**

Before the court is defendant's motion to dismiss plaintiff's complaint. (Doc. 6). This motion is fully briefed and ripe for disposition.

**BACKGROUND**

The instant age discrimination action arose from Plaintiff George Andras's employment with Defendant Borough of Laceyville, Pennsylvania (hereinafter "defendant"). Born May 25, 1937, plaintiff was seventy-five (75) years old when defendant terminated him from his position as the Laceyville Chief of Police. (Doc. 1, Compl. ¶¶ 1, 8, 11). Plaintiff claims that in February 2012, the Mayor of Laceyville asked him when he was going to retire. (Id. ¶ 10). Subsequently, on November 5, 2012, plaintiff alleges defendant terminated his employment because of his age and replaced him with a younger male. (Id. ¶¶ 11-12).

Plaintiff filed his complaint on October 31, 2014, seeking damages for age discrimination under the federal Age Discrimination and

Employment Act (hereinafter "ADEA") and the Pennsylvania Human Relations Act (hereinafter "PHRA").[1] (Doc. 1). Defendant filed the instant motion to dismiss on February 9, 2015. (Doc. 6). The parties have briefed the issues, bringing the case to its current procedural posture.

**Jurisdiction**

As plaintiff brings suit pursuant to the ADEA, 29 U.S.C. § 621 *et seq.*, we have federal question jurisdiction. See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). We have supplemental jurisdiction over the plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

**Standard of Review**

Defendant filed its motion to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The court tests the sufficiency of the complaint's allegations when considering a Rule 12(b)(6) motion. All well-pleaded allegations of the complaint must be viewed as true and in the light most favorable to the non-movant to determine

[1] Counts II and IV of the complaint originally alleged retaliation under the ADEA and PHRA, but the parties have stipulated to the dismissal with prejudice of these two counts. (Doc. 11).

whether, "'under any reasonable reading of the pleadings, the plaintiff may be entitled to relief.'" Colburn v. Upper Darby Twp., 838 F.2d 663, 665-66 (3d Cir. 1988) (quoting Estate of Bailey by Oare v. Cnty. of York, 768 F.2d 503, 506 (3d Cir. 1985)). The plaintiff must describe "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' [each] necessary element" of the claims alleged in the complaint. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation." Id. at 234-35. In evaluating the sufficiency of a complaint the court may also consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (citations omitted). The court does not have to accept legal conclusions or unwarranted factual inferences. See Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 450 F.3d 130, 133 (3d Cir. 2006) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)).

The federal rules require only that plaintiff provide "a short and plain

statement of the claim establishing that the pleader is entitled to relief," a standard which "does not require detailed factual allegations," but a plaintiff must make "a showing, rather than a blanket assertion, of entitlement to relief that rises above the speculative level." McTernan v. N.Y.C., 564 F.3d 636, 646 (3d Cir. 2009) (citations and internal quotations and quotation marks omitted). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). Such "facial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "[T]he factual detail in a complaint [cannot be] so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." Phillips, 515 F.3d at 232 (citation omitted). "Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" DelRio-Mocci v. Connolly Props., Inc., 672 F.3d 241, 245 (3d Cir. 2012) (quoting Twombly, 550 U.S. at 555).

The Supreme Court has counseled that a court examining a motion

to dismiss should, "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. Next, the court should make a context-specific inquiry into the "factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." Id. at 681.

**DISCUSSION**

Defendant moves the court to dismiss plaintiff's complaint, arguing that plaintiff's allegations do not suffice to state a valid claim of age discrimination. Plaintiff argues that he has properly plead his claims. After careful consideration, the court agrees with defendant.

Plaintiff brings his age discrimination claim pursuant to the ADEA,[2] which makes it unlawful for an employer "to discharge any individual . . . because of such individual's age." 29 U.S.C. § 623(a)(1). The ADEA's prohibition is designed to prevent older workers from "being deprived of employment on the basis of inaccurate and stigmatizing stereotypes," such as the belief that "productivity and competence decline with old age."

[2] The same legal standard applies to both the ADEA and PHRA claims and therefore it is proper to address them collectively. Kautz v. Met-Pro Corp., 412 F. 3d 463, 466 n.1 (3d Cir. 2005). Our conclusions as to plaintiff's PHRA claims are thus identical to those we explain regarding his ADEA claims.

Hazen Paper Co. v. Biggins, 507 U.S. 604, 610 (1993). The ADEA therefore commands employers not to use age as a proxy for an employee's actual characteristics, but rather "to evaluate older employees on their merits." Id. at 611 (alteration and internal quotation marks omitted).

It is well settled that, to succeed on a claim of discrimination under the ADEA, a plaintiff must demonstrate that his age "actually played a role" in the employer's decision-making process "and had a determinative influence on the outcome." Id. at 610. More recently, the United States Supreme Court further held that a plaintiff bringing an age discrimination claim "must prove by a preponderance of the evidence that age was the 'but-for' cause of the challenged employer decision." Gross v. FBL Fin. Servs., Inc., 557 U.S. 167, 177-78 (2009). That is so, the Court explained, because "[u]nlike Title VII, the ADEA's text does not provide that a plaintiff may establish discrimination by showing that age was simply a motivating factor" in the employment action. Id. at 174. Rather, under the plain language of the ADEA, the complained-of action must have been "because of" the employee's age. Id. at 176 (quoting 29 U.S.C. § 623(a)(1)). The burden of persuasion, therefore, is always on the

plaintiff in an age discrimination case, and it requires the plaintiff to establish that the adverse employment action would not have occurred but for the employer's consideration of his age. Id. at 177.

A plaintiff can satisfy this burden in one of two ways. First, a plaintiff may demonstrate with direct evidence that age was the "but-for" cause of the employment action. Anderson v. Consol. Rail Corp., 297 F.3d 242, 247-48 (3d Cir. 2002). Second, a plaintiff may use the familiar burden shifting framework announced in McDonnell Douglas Corporation v. Green, 411 U.S. 792, 802 (1973) to establish age discrimination with circumstantial evidence. Smith v. City of Allentown, 589 F.3d 684, 691 (3d Cir. 2009)). Plaintiff fails to specify either method, so we will examine his claims under both rubrics.

**A. Direct Evidence**

Initially, plaintiff claims that the Mayor asked him when he was going to retire, and argues that this establishes direct evidence of age discrimination. The law provides that a plaintiff seeking to demonstrate age discrimination with direct evidence faces a "high hurdle" and requires plaintiff's evidence "reveal a sufficient discriminatory animus" to render any shift in the burden of production "unnecessary." Anderson, 297 F.3d

at 248. To satisfy this standard, a plaintiff must present "evidence of discriminatory attitudes about age that were causally related to the decision to fire him." Glanzman v. Metro. Mgmt. Corp., 391 F.3d 506, 512 (3d Cir. 2004). Stated differently, plaintiff's evidence had to "'lead[ ] not only to a ready logical inference of bias, but also to a rational presumption that the person expressing bias acted on it' when he made the challenged employment decision." Fakete v. Aetna, Inc., 308 F.3d 335, 339 (3d Cir. 2002) (quoting Starceski v. Westinghouse Elec. Corp., 54 F.3d 1089, 1097 (3d Cir.1995)); see also Gross, 557 U.S. at 177 (holding that "[a]n act or omission is not regarded as a cause of an event if the particular event would have occurred without it.").

In the instant matter, plaintiff asserts only that the Mayor of Laceyville asked him, in February 2012, when he planned to retire. This statement, without context and remote in time from plaintiff's termination, is not enough to raise any inference of bias nor any presumption that the Mayor acted on that bias. This statement, without more, fails to reveal any animus, let alone the requisite discriminatory motivation. Thus, plaintiff has failed to plead a claim for age discrimination with direct evidence.

**B. Circumstantial Evidence**

Plaintiff also asserts circumstantial evidence that he argues can establish age discrimination. Where the complaining party relies upon circumstantial evidence to support an age discrimination claim, the Third Circuit Court of Appeals has approved the use of the familiar burden shifting framework announced in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Smith, 589 F.3d at 691. First, a plaintiff seeking recovery pursuant to the ADEA must establish a *prima facie* case of discrimination by demonstrating that (1) he is within the protected age class, i.e. over forty; (2) he was qualified for the position at issue; (3) he was dismissed despite being qualified; and (4) he was replaced by a person sufficiently younger to permit an inference of age discrimination. Id. at 689-90 (citation omitted).

Once the plaintiff establishes this prima facie case, "the burden of production shifts to the employer to identify a legitimate non-discriminatory reason for the adverse employment action. If the employer does so, the burden of production returns to the plaintiff to demonstrate that the employer's proffered rationale was pretext for age discrimination." Id.

Defendant argues that plaintiff's amended complaint fails to establish a prima facie case of age discrimination. The Third Circuit Court

of Appeals, however, has explained that because the elements of a *prima facie* case are an evidentiary standard not a pleading standard, the law does not require the plaintiff to establish the elements of a *prima facie* case in his complaint. Fowler v. UPMC Shadyshide, 578 F.3d 203, 213 (3d Cir. 2009). An "evidentiary standard is not a proper measure of whether a complaint fails to state a claim." Id. Rather, plaintiff must "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary" elements of his cause of action. Id. (internal quotation marks and citation omitted). The court finds in this instance, that the *prima facie* elements provide us with a useful background against which to examine plaintiff's amended complaint and will address them *in seriatim*.

**A. Plaintiff is a member of the protected class**

The first element of an age discrimination case is that the plaintiff was in the protected age group, that is, over forty (40) years of age. Smith, 589 F.3d at 689. Here, plaintiff alleges that he was born on May 25, 1937 and was seventy-five (75) years old when he was transferred and eventually terminated. (Compl. ¶¶ 1, 11). As such, plaintiff has sufficiently alleged that he was a member of the protected age group.

**B. Plaintiff was qualified for the position**

Plaintiff must next aver that he was qualified for the position of Chief of Police. Smith, 589 F.3d at 689. This determination requires the court to focus on the plaintiff's objective qualifications. Matczak v. Frankford Candy & Chocolate, 136 F.3d 933, 938 (3d Cir. 1997).

In the instant case, plaintiff alleges that he was Chief of Police for over twenty-three (23) years, first as temporary chief for eleven years, and then as permanent chief for twelve. (Am. Compl. ¶ 8). Plaintiff alleges no other qualifications for the position. This fact, alone, does not raise a reasonable inference that plaintiff was qualified for this position. Accordingly, plaintiff has not sufficiently alleged that he was qualified for the DSR position.[3]

**C. Plaintiff suffered an adverse employment decision**

The third age discrimination element requires the plaintiff to demonstrate an adverse employment decision. Smith, 589 F.3d at 689. The ADEA defines an adverse employment action as discrimination with respect to the "compensation, terms, conditions, or privileges of

[3] Plaintiff might correct his complaint's deficiency on this element of the cause of action by including, for example, his performance record, his training history, and his educational background in his pleadings.

employment." 29 U.S.C. § 623(a)(1). It requires "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 761 (1998). While direct economic harm is probative, so, too, is conduct that substantially decreases one's earning potential or disrupts his working conditions. Durham Life Ins. Co. v. Evans, 166 F.3d 139, 153 (3d Cir. 1999). The Third Circuit Court of Appeals has also stated that a transfer, even without loss of pay or benefits may, in some circumstances, constitute adverse employment action for the purposes of age discrimination. Torre v. Casio, Inc., 42 F.3d 825, 831 (3d Cir. 1994).

In the instant case, plaintiff alleges that he was removed from his position as Chief of Police on November 5, 2012. (Compl. ¶ 11). This allegation, if proved, would satisfy the adverse employment element of plaintiff's age discrimination claim.

**D. Plaintiff was replaced by someone sufficiently younger to permit an inference of age discrimination**

The final element of a *prima facie* age discrimination claim is that plaintiff was replaced by someone of a sufficiently younger age to permit an inference of age discrimination. Smith, 589 F.3d at 689. An age

discrimination plaintiff need not establish that he was replaced by a individual outside the protected class. Instead, the focus is whether the plaintiff has provided "evidence adequate to create an inference that an employment decision was based on an illegal discriminatory criterion . . . ." O'Connor v. Consol. Coin Caterers Corp., 517 U.S. 308, 312 (1996) (quoting Teamsters v. United States, 431 U.S. 324, 358 (1977)). While proof of whether a plaintiff was replaced by an individual outside the protected class is irrelevant, "the fact that a replacement is substantially younger than the plaintiff is a far more reliable indicator of age discrimination." Id. at 313. An inference of age discrimination, however, "cannot be drawn from the replacement of one worker with another worker insignificantly younger." Id. Indeed, the Third Circuit Court of Appeals has also reached this conclusion holding "that an ADEA plaintiff may establish the fourth element of the McDonnell Douglas test for a prima facie case by demonstrating that he was replaced by a person sufficiently younger to permit an inference of age discrimination." Smith, 589 F.3d at 689; Maxfield v. Sinclair Int'l, 766 F.2d 788, 793 (3d Cir. 1985).

In the instant case, plaintiff's complaint contains an allegation that a younger individual replaced him. (Compl. ¶ 12). Plaintiff's allegations are

inadequate. First, plaintiff fails to identify who replaced him, precluding an inference that his replacement was sufficiently younger. Second, plaintiff's amended complaint fails to establish an inference of age discrimination because plaintiff has failed to allege the age of his replacement. Stated differently, the court cannot determine whether plaintiff's replacement was sufficiently younger because the court cannot identify the age disparity between the plaintiff and his replacement.

In short, plaintiff's averment that a younger individual replaced him, which gives rise to an inference of age discrimination, is a legal conclusion that does not have a presumption of truth and can be disregarded. Fowler, 578 F.3d at 210-11 (explaining that when deciding a 12(b)(6) motion "[t]he District Court must accept all of the complaint's well pleaded facts as true, but may disregard any legal conclusions."). Ergo, plaintiff has failed to allege facts that a "sufficiently younger" individual replaced him, which raises an inference of discrimination based on age.

**Conclusion**

For the reasons set forth above, defendant's motion to dismiss will granted. Plaintiff's complaint will be dismissed without prejudice to him filing an amended complaint within twenty-one (21) days. An appropriate

order follows.

**Date: 7/23/15**

**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**