IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GEORGE ANDRAS,<br>　　　　**Plaintiff**<br><br>　　v.<br><br>BOROUGH OF LACEYVILLE,<br>PENNSYLVANIA,<br>　　　　Defendant | No. 3:14cv2094<br><br>(Judge Munley) |

## MEMORANDUM

Before the court is defendant's motion to dismiss plaintiff's amended complaint. (Doc. 19). This motion is fully briefed and ripe for disposition.

## BACKGROUND

The instant age discrimination action arose from Plaintiff George Andras's employment with Defendant Borough of Laceyville, Pennsylvania (hereinafter "defendant"). Born May 25, 1937, plaintiff was seventy-five (75) years old when defendant terminated him from his position as the Laceyville Chief of Police. (Doc. 17, Am. Compl. (hereinafter "Am. Compl.") ¶¶ 1, 8, 13). Plaintiff claims that in February 2012, the Mayor of Laceyville asked him when he was going to retire. (Id. ¶ 10). Subsequently, on November 5, 2012, plaintiff alleges defendant terminated his employment because of his age and replaced him with a younger male. (Id. ¶¶ 11-12).

Plaintiff filed his complaint on October 31, 2014, seeking damages

for age discrimination under the federal Age Discrimination and Employment Act (hereinafter "ADEA") and the Pennsylvania Human Relations Act (hereinafter "PHRA"). (Doc. 1). Defendant filed its first motion to dismiss on February 9, 2015. (Doc. 6). The court granted defendant's motion on July 23, 2015 (Doc. 16), and allowed plaintiff twenty-one days to file an amended complaint, which he did on August 10, 2015 (Doc. 17). Defendant then filed the instant motion to dismiss the amended complaint on August 24, 2015. (Doc. 19). The parties have briefed the issues, bringing the case to its current procedural posture.

**Jurisdiction**

As plaintiff brings suit pursuant to the ADEA, 29 U.S.C. § 621 *et seq.*, we have federal question jurisdiction. See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). We have supplemental jurisdiction over the plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

**Standard of Review**

Defendant filed its motion to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The court tests the

sufficiency of the complaint's allegations when considering a Rule 12(b)(6) motion. All well-pleaded allegations of the complaint must be viewed as true and in the light most favorable to the non-movant to determine whether, "'under any reasonable reading of the pleadings, the plaintiff may be entitled to relief.'" Colburn v. Upper Darby Twp., 838 F.2d 663, 665-66 (3d Cir. 1988) (quoting Estate of Bailey by Oare v. Cnty. of York, 768 F.2d 503, 506 (3d Cir. 1985)). The plaintiff must describe "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' [each] necessary element" of the claims alleged in the complaint. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation." Id. at 234-35. In evaluating the sufficiency of a complaint the court may also consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (citations omitted). The court does not have to accept legal conclusions or unwarranted factual inferences. See Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 450 F.3d 130, 133 (3d Cir.

2006) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)).

**DISCUSSION**

Defendant moves the court to dismiss plaintiff's amended complaint, arguing that plaintiff's allegations still do not suffice to state a valid claim of age discrimination. Plaintiff again argues that he has properly plead his claims. After careful consideration, the court agrees with the plaintiff.

Plaintiff brings his age discrimination claim pursuant to the ADEA,[1] which makes it unlawful for an employer "to discharge any individual . . . because of such individual's age." 29 U.S.C. § 623(a)(1). The ADEA's prohibition is designed to prevent older workers from "being deprived of employment on the basis of inaccurate and stigmatizing stereotypes," such as the belief that "productivity and competence decline with old age." Hazen Paper Co. v. Biggins, 507 U.S. 604, 610 (1993). The ADEA therefore commands employers not to use age as a proxy for an employee's actual characteristics, but rather "to evaluate older employees

---

[1] The same legal standard applies to both the ADEA and PHRA claims and therefore it is proper to address them collectively. Kautz v. Met-Pro Corp., 412 F. 3d 463, 466 n.1 (3d Cir. 2005). Our conclusions as to plaintiff's PHRA claims are thus identical to those we explain regarding his ADEA claims.

4

on their merits." Id. at 611 (alteration and internal quotation marks omitted).

It is well settled that, to succeed on a claim of discrimination under the ADEA, a plaintiff must demonstrate that his age "actually played a role" in the employer's decision-making process "and had a determinative influence on the outcome." Id. at 610. More recently, the United States Supreme Court further held that a plaintiff bringing an age discrimination claim "must prove by a preponderance of the evidence that age was the 'but-for' cause of the challenged employer decision." Gross v. FBL Fin. Servs., Inc., 557 U.S. 167, 177-78 (2009). That is so, the Court explained, because "[u]nlike Title VII, the ADEA's text does not provide that a plaintiff may establish discrimination by showing that age was simply a motivating factor" in the employment action. Id. at 174. Rather, under the plain language of the ADEA, the complained-of action must have been "because of" the employee's age. Id. at 176 (quoting 29 U.S.C. § 623(a)(1)). The burden of persuasion, therefore, is always on the plaintiff in an age discrimination case, and it requires the plaintiff to establish that the adverse employment action would not have occurred but for the employer's consideration of his age. Id. at 177.

A plaintiff can satisfy this burden in one of two ways. First, a plaintiff may demonstrate with direct evidence that age was the "but-for" cause of the employment action. Anderson v. Consol. Rail Corp., 297 F.3d 242, 247-48 (3d Cir. 2002). Second, a plaintiff may use the familiar burden shifting framework announced in McDonnell Douglas Corporation v. Green, 411 U.S. 792, 802 (1973) to establish age discrimination with circumstantial evidence. Smith v. City of Allentown, 589 F.3d 684, 691 (3d Cir. 2009). Plaintiff's amended complaint fails to specify either method, thus we will examine his claims under both rubrics.

**I. Direct Evidence**

Initially, plaintiff claims that the Mayor asked him when he was going to retire, and argues that this establishes direct evidence of age discrimination. The law provides that a plaintiff seeking to demonstrate age discrimination with direct evidence faces a "high hurdle" and requires plaintiff's evidence "reveal a sufficient discriminatory animus" to render any shift in the burden of production "unnecessary." Anderson, 297 F.3d at 248. To satisfy this standard, a plaintiff must present "evidence of discriminatory attitudes about age that were causally related to the decision to fire him." Glanzman v. Metro. Mgmt. Corp., 391 F.3d 506, 512

(3d Cir. 2004). Stated differently, plaintiff's evidence had to "'lead[ ] not only to a ready logical inference of bias, but also to a rational presumption that the person expressing bias acted on it' when he made the challenged employment decision." Fakete v. Aetna, Inc., 308 F.3d 335, 339 (3d Cir. 2002) (quoting Starceski v. Westinghouse Elec. Corp., 54 F.3d 1089, 1097 (3d Cir.1995)); see also Gross, 557 U.S. at 177 (holding that "[a]n act or omission is not regarded as a cause of an event if the particular event would have occurred without it.").

In the instant matter, plaintiff asserts only that the Mayor of Laceyville asked him, in February 2012, when he planned to retire. (Am. Compl. ¶ 12). The Mayor's statement, without context and remote in time from plaintiff's termination, is not enough to raise any inference of bias nor any presumption that the Mayor acted on that bias. In his amended complaint, plaintiff adds an assertion that the Mayor's question clearly indicated that plaintiff was too old for his job. This assertion is argument and asserts a conclusion that is solely for the trier of fact to determine. The statement itself, without more, fails to reveal any animus, let alone the requisite discriminatory motivation. Thus, plaintiff has failed to plead a claim for age discrimination with direct evidence.

## II. Circumstantial Evidence

Plaintiff also asserts that he can establish age discrimination with circumstantial evidence. Where the complaining party relies upon circumstantial evidence to support an age discrimination claim, the Third Circuit Court of Appeals has approved the use of the familiar burden shifting framework announced in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Smith, 589 F.3d at 691. First, a plaintiff seeking recovery pursuant to the ADEA must establish a *prima facie* case of discrimination by demonstrating that (1) he is within the protected age class, i.e. over forty; (2) he was qualified for the position at issue; (3) he was dismissed despite being qualified; and (4) he was replaced by a person sufficiently younger to permit an inference of age discrimination. Id. at 689-90 (citation omitted).

Once the plaintiff establishes this *prima facie* case, "the burden of production shifts to the employer to identify a legitimate non-discriminatory reason for the adverse employment action. If the employer does so, the burden of production returns to the plaintiff to demonstrate that the employer's proffered rationale was pretext for age discrimination." Id.

Defendant argues that plaintiff's amended complaint fails to

establish a *prima facie* case of age discrimination. The Third Circuit Court of Appeals, however, has explained that because the elements of a *prima facie* case are an evidentiary standard not a pleading standard, the law does not require the plaintiff to establish the elements of a *prima facie* case in his complaint. Fowler v. UPMC Shadyshide, 578 F.3d 203, 213 (3d Cir. 2009). An "evidentiary standard is not a proper measure of whether a complaint fails to state a claim." Id. Rather, plaintiff must "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary" elements of his cause of action. Id. (internal quotation marks and citation omitted). The court finds in this instance, that the *prima facie* elements provide us with a useful background against which to examine plaintiff's amended complaint and will address them *in seriatim*.

### A. Plaintiff is a member of the protected class

The first element of plaintiff's *prima facie* age discrimination case is that the plaintiff was in the protected age group, that is, over forty (40) years of age. Smith, 589 F.3d at 689. Here, plaintiff alleges that he was born on May 25, 1937 and was seventy-five (75) years old when he was transferred and eventually terminated. (Am. Compl. ¶¶ 1, 13). As such,

plaintiff has sufficiently alleged that he was a member of the protected age group.

### B. Plaintiff was qualified for the position

Plaintiff must next aver that he was qualified for the position of Chief of Police. Smith, 589 F.3d at 689. This determination requires the court to focus on the plaintiff's objective qualifications. Matczak v. Frankford Candy & Chocolate, 136 F.3d 933, 938 (3d Cir. 1997).

In the instant case, plaintiff alleges that he was Chief of Police for over twenty-three (23) years, first as temporary chief for eleven years, and then as permanent chief for twelve. (Am. Compl. ¶¶ 8-9). Plaintiff alleges that he was qualified for the position based on certifications, training, experience, and a lack of criticism or reprimands during his tenure. (Id. ¶¶ 10-11). Accordingly, plaintiff has sufficiently alleged that he was qualified for the Chief of Police position.

### C. Plaintiff suffered an adverse employment decision

The third *prima facie* age discrimination element requires the plaintiff to demonstrate an adverse employment decision. Smith, 589 F.3d at 689. The ADEA defines an adverse employment action as discrimination with respect to the "compensation, terms, conditions, or privileges of

employment." 29 U.S.C. § 623(a)(1). It requires "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 761 (1998).

In the instant case, plaintiff alleges that he was removed from his position as Chief of Police on November 5, 2012. (Am. Compl. ¶ 13). This allegation, if proved, would satisfy the adverse employment element of plaintiff's age discrimination claim.

### D. Plaintiff was replaced by someone sufficiently younger to permit an inference of age discrimination

The final element of a *prima facie* age discrimination claim is that plaintiff was replaced by someone of a sufficiently younger age to permit an inference of age discrimination. Smith, 589 F.3d at 689. An age discrimination plaintiff need not establish that he was replaced by a individual outside the protected class. Instead, the focus is whether the plaintiff has provided "evidence adequate to create an inference that an employment decision was based on an illegal discriminatory criterion . . . ." O'Connor v. Consol. Coin Caterers Corp., 517 U.S. 308, 312 (1996) (quoting Teamsters v. United States, 431 U.S. 324, 358 (1977)). While

11

proof of whether a plaintiff was replaced by an individual outside the protected class is irrelevant, "the fact that a replacement is substantially younger than the plaintiff is a far more reliable indicator of age discrimination." Id. at 313. An inference of age discrimination, however, "cannot be drawn from the replacement of one worker with another worker insignificantly younger." Id. Indeed, the Third Circuit Court of Appeals has also reached this conclusion holding "that an ADEA plaintiff may establish the fourth element of the McDonnell Douglas test for a *prima facie* case by demonstrating that he was replaced by a person sufficiently younger to permit an inference of age discrimination." Smith, 589 F.3d at 689; Maxfield v. Sinclair Int'l, 766 F.2d 788, 793 (3d Cir. 1985).

In the instant case, plaintiff's amended complaint contains an allegation that a younger individual, forty-four year old Scott Perri, replaced him. (Am. Compl. ¶ 14). Thus, plaintiff has adequately pled that a significantly younger individual replaced him, satisfying the fourth element of a circumstantial case.

Having put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary elements of plaintiff's *prima facie* case of age discrimination, the burden shifts to the defendant,

who must identify a legitimate, non-discriminatory reason for plaintiff's termination.  411 U.S. at 689-90.  Defendant has put forth no such legitimate reason.  Defendant argues only that plaintiff's evidence regarding the Mayor's statement does not establish a circumstantial case.  This reflects a fundamental misunderstanding of the nature of the circumstantial case analysis, as explained *supra* and in our previous opinion in this litigation, particularly regarding defendant's burden of proof.  (See Doc. 16).

Viewing the allegations in plaintiff's amended complaint as true, plaintiff has properly asserted a circumstantial claim of age discrimination.  Accordingly, we will deny defendant's motion to dismiss.

**Conclusion**

For the reasons set forth above, defendant's motion to dismiss will be denied.  An appropriate order follows.

**Date: 12/18/15**              **s/ James M. Munley**
                                                    **JUDGE JAMES M. MUNLEY**
                                                    **United States District Court**